IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Kristin M. Widner**, ) | C/A 2:14-4243-DCN-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Galasso & Sons, LLC d/b/a Clean Wave** ) | |
| **Deluxe Car Wash, Inc.; Galasso & Sons**, ) | |
| **LLC, Clean Wave Deluxe Care Wash,** ) | |
| **Inc.; Tracy Galasso, Individually; and** ) | |
| **Patrick Galasso, Invidivdually,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action has been filed by the Plaintiff asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Plaintiff is a former employee of the corporate Defendant(s) Galasso & Sons, LLC, et al. (hereinafter "Galasso"). The two named natural Defendants (Tracy and Patrick Galasso) are alleged to be "alter egos" of the corporate Defendant(s). The Defendants filed a Rule 12 motion to dismiss on March 19, 2015, seeking a dismissal of certain claims and/or Defendants. Plaintiff opposes Defendants' motion.

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

1



(2009); see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Here, after careful review and consideration of the arguments presented pursuant to this standard, the undersigned finds and concludes that the Defendants' motion should be **granted**. Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].

### I.

Initially, the undersigned is constrained to note that although the Defendants state in their motion that Plaintiff has asserted five (5) Causes of Action, Plaintiff only asserts one Cause of Action in her Complaint - a discrimination claim under Title VII. While Plaintiff does also reference the term "breach of contract" in Paragraph 1 of her Complaint, she does not otherwise assert a breach of contract claim anywhere in the text of the Complaint itself, which contains only the one official Cause of Action under Title VII. See Complaint, ¶¶ 29-47. Further, even if Plaintiff had asserted a breach of contract claim in her Complaint, she has failed to set forth sufficient factual allegations to give rise to a "plausible" breach of contract claim.

The necessary elements of a contract are an offer, acceptance, and valuable consideration. Roberts v. Gaskins, 486 S.E.2d 771, 773 (S.C. 1997), citing Carolina Amusement Co., Inc. v. Connecticut Nat'l Life Ins., Co., 437 S.E.2d 122 (S.C. Ct. App. 1993). Further, with respect to employment, there is a presumption in South Carolina that employees are at-will, and therefore in order to survive a Rule 12 Motion to Dismiss on a claim for breach of a contract of employment, a Plaintiff must "plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .". Perrine v. G4S Solutions (USA), Inc.,



No. 11-1210, 2011 WL 3563110, at * 2 (D.S.C. Aug. 9, 2011)["[T]here is a presumption in South Carolina that employees are at-will, and in order to survive a Rule 12 motion to dismiss on a claim for breach of a contract of employment, a Plaintiff must 'plead sufficient factual allegations to establish the existence of an employment contract beyond the at-will relationship . . . .'"], quoting Amason v. P. K. Management, LLC, No. 10-1752, 2011 WL 1100169, at * 6 (D.S.C. Mar. 23, 2011); see also Prescott v. Farmer's Tel. Co-Op., Inc., 516 S.E.2d 923, 927, n. 8 (S.C. 1999)[In South Carolina, "there is a presumption of at-will employment'].

  Here, Plaintiff has only alleged in very general and conclusory terms that when she was hired on November 13, 2013, she and the Defendants "entered into a contract whereby the Defendants employed the Plaintiff to begin work at that time for an indefinite term". Plaintiff then alleges that she "signed a number of documents when she was hired therefore entering into a contract of employment with the Defendants. The contract indicated she would be paid for working." Complaint, ¶ ¶ 15, 16. There are no other allegations in the Complaint concerning any purported "contract" for employment; none of the "documents" Plaintiff alleges she signed to signify she had an employment contract are identified, explained or quoted; nor has Plaintiff even specifically alleged that her termination was in breach of her contract of employment, since she alleges the reason she was terminated was for "reporting sexual harassment in the workplace" in violation of Title VII, not as a breach of any terms of a contract. Id., ¶ 30(e).

  Such general and conclusory allegations are not sufficient to state a claim for breach of contract under the applicable law and standards. See Twombly, 550 U.S. at 555 ["While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,



3

. . . [f]actual allegations must be enough to raise a right to relief above the speculative level"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations insufficient to maintain claim]; see also Iqbal, 129 S.Ct. at 1949-1950 ["[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"]. Indeed, Plaintiff's own acknowledgement in her Complaint that she was hired for an "indefinite term" serves to defeat any breach of contract claim. Cf. Wadford v. Hartford Fire Ins. Co., No. 87-2872, 1988 WL 492127 at *5 (D.S.C. 1988) ["A review of the relevant authorities... reveals that a policy or representation must limit the duration of employment or the employer's right to terminate employment in order to alter at-will status. Other terms and conditions of employment, including pay, benefits, job duties, or location of performance may be changed prospectively by either party without violating an employment contract with an indefinite term."]. Therefore, even if Plaintiff had properly asserted a state law breach of contract claim in her Complaint, it would be subject to dismissal. Amason, 2011 WL 1100169, at * 6; cf. Williams v. Intier Automotive Interiors of America, Inc., No. 09-1144, 2010 WL 5811848 (D.S.C. Nov. 5, 2010), adopted by, 2011 WL 588216 (D.S.C. Feb. 10, 2011).

In addition to breach of contract, the Defendants also discuss in their brief the standards for dismissal of state law claims for intentional infliction of emotional distress and retaliatory discharge. However, Plaintiff has not asserted any such state law claims in her Complaint. Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002)[Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; see also Harper v. United States, 423 F.Supp. 192, 196 (D.S.C. 1976)["[W]here the claims in a complaint are insufficiently supported by factual allegations,



these claims may be properly dismissed by summary dismissal"]. Therefore, to the extent Defendants argue that Plaintiff asserted any other state law claims in her Complaint, the undersigned agrees that they are subject to dismissal.

## II.

With respect to Plaintiff's Title VII claim (which is for gender discrimination),[1] Plaintiff's "First Cause of Action" actually conflates two separate claims that should have been asserted in two separate causes of action: 1) hostile work environment, and 2) unlawful retaliation for being terminated for reporting sexual harassment in the workplace. See Murphy v Suffolk County Community College, No. 10-251, 2011 WL 5976082 at * 7 (E.D.N.Y. Nov. 29, 2011)[Noting that disparate treatment claims, hostile work environment claims, and retaliation claims are all distinct and separate claims that should be alleged in separate counts.]. Defendants argue in their motion that Plaintiff has asserted these claims under Title VII against the "Defendants", which would necessarily include Tracy Galasso and Patrick Galasso, individually, and that since individuals are not considered "employers" under Title VII and are not liable in their individual capacities for Title VII violations, both Galassos are entitled to dismissal as party Defendants in this case. The

---

[1] While Plaintiff does state in ¶ 45 of her Complaint that her "unjust disciplinary actions and retaliatory discharge" were due to Plaintiff's "anticipated reports and complaints of racial discrimination . . . in the workplace", the undersigned has assumed this is a typographical error since Plaintiff sets forth no factual allegations concerning racial discrimination anywhere in the Complaint. Indeed, Plaintiff does not even mention what her race is, or the race of anyone else. It is also noted that in her memorandum in opposition to the Defendants' motion, Plaintiff states that her "allegations raise issues of fact concerning whether the Defendants' actions were in violation of the Plaintiff's constitutionally protected rights under Title 42, U.S.C. § 1983 and 1985, the Fourth and Fourteenth Amendment of the United States Constitution . . . .". See Plaintiff's Brief, p. 4. However, as Plaintiff has not made any claims under those statutes or under the United States Constitution in her Complaint, the reason for Plaintiff's reference to those statutes and amendments in her brief is unclear.

5



undersigned agrees.

The Fourth Circuit has clearly held that individual Defendants do not qualify as "employers" for purposes of a Title VII lawsuit. Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180-181 (4th Cir. 1998); Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999) [stating that "Title VII does not provide a remedy against individual Defendants who do not qualify as 'employers.'"]; see also Jones v. Tyson Foods, Inc., 378 F.Supp.2d 705, 708 (E.D.Va. 2004); Dalton v. Jefferson Smurfit Corp., 979 Fed.Supp. 1187, 1201-1203 (S.D.Ohio 1997); Jones v. Sternheimer, 387 Fed.Appx. 366 (4th Cir. 2010) [No individual liability under Title VII or the ADEA]; McNeal v. Montgomery County, Md, 307 Fed.Appx. 766, 775, n. 6 (4th Cir. 2009) ["[O]nly an employer, and not an individual employee, may be held liable . . ."]; Bailey v. Faurecia, et al., No. 09-2013, 2010 WL 5600910, at * 2 (D.S.C. Dec. 1, 2010)["Employees and supervisors are not liable in their individual capacities for violations of Title VII"], adopted, 2011 WL 165829 (D.S.C. Jan. 19, 2011). Although Plaintiff alleges that the Galassos may nevertheless be held individually liable under an "alter ego" theory of liability, applicable case law in this Circuit simply does not support this argument.

First, Plaintiff does not even allege that Tracy Galasso is an owner of the company; rather, Plaintiff alleges that Patrick Galasso "was the owner of the company at the location where the Plaintiff was working". Complaint, ¶ 18. While Tracy Galasso is later identified by the Plaintiff, together with Patrick Galasso, as being "the highest ranking person at the location where the Plaintiff was working", she fails to set forth any allegations in her Complaint to establish Tracy Galasso as an owner of the Defendant or as anything more than, at most, Plaintiff's supervisor. See Hooker v. Wentz, 77 F.Supp.2d 753, 756 (S.D.W.Va. 1999) [supervisors not liable in their individual capacities for Title VII violations].



Further, even if Tracy Galasso and David Galasso are both the "owners" of the Defendant company, that does not subject them to individual liability under Title VII, as in the Fourth Circuit the corporate veil may be "pierced" allowing individual liability to attach only where the individual "unfairly used the corporate form", either fraudulently or wrongly. See Mayes v. Moore, 419 F.Supp.2d 775, 779-780 (M.D.N.C. 2006). It is not sufficient to simply allege that an individual owns a company, and is therefore an "employer" within the meaning of Title VII and therefore subject to individual liability. Id., at 782. This is what the Plaintiff has done here, as she alleges no more than that the individual Defendants "own" the business where Plaintiff was employed and should therefore be subject to liability. The Complaint contains no allegations that either of the Galassos fraudulently or unfairly "used the corporate form". Rather, Plaintiff simply alleges that the Galassos' actions violated her rights as an employee of the company under Title VII. Complaint, ¶¶ 26-28, 30, 33-35, 37-38, 42-43, 45-47. Such allegations are not sufficient to support a "plausible" claim for individual liability in this case. Iqbal, 129 S.Ct. At 1949.

Therefore, because Title VII does not support a claim for liability against individuals such as the Galassos, they are entitled to dismissal as party Defendants in this case. Mayes, 419 F.Supp. at 779-782; see also Boyer v. Fette Elec. Services, LLC, No. 10-704, 2012 WL 684574, at * 10 (D.S.C. Jan. 23, 2012), adopted by, 2012 WL 684456 (D.S.C. Mar. 1, 2012); Baird ex rel. Baird v. Rose, 192 F.3d 462, 472 (4th Cir. 1999); Dickson, 309 F.3d at 213 [Plaintiff has burden of alleging facts sufficient to state all the elements of a claim]; Harper, 423 F.Supp. at 196 ["[W]here the claims in a complaint are insufficiently supported by factual allegations, these claims may be properly dismissed by summary dismissal"].



## Conclusion

Based on the foregoing, it is **recommended** that the Defendants' motion to dismiss be **granted**. Specifically, to the extent Plaintiff has intended to assert any state law causes of action, including a claim for breach of contract, any such claim(s) should be **dismissed**. Further, Tracy Galasso and Patrick Galasso, individually, should be **dismissed** as party Defendants in this case for the reasons stated.

Plaintiff's remaining claims of hostile work environment based on her gender and retaliatory discharge in violation of Title VII against the cited corporate Defendant(s), although otherwise improperly combined into one Cause of Action, should be allowed to proceed as two separate claims.[2]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 23, 2015
Charleston, South Carolina

---

[2] Since these are separate claims, Plaintiff should have asserted each in a separate cause of action; however, her failure to do so is not in and of itself grounds to dismiss one or both of these claims at this time. See Austen v. Catterton Partners V, LP, 709 F.Supp.2d 172 (D.Conn. 2010)[Plaintiff only required to provide adequate notice to the defendant of the basis for the lawsuit and to make a claim plausible]; Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009)[requirement is that Plaintiff's allegations provide sufficient notice to defendants of the plaintiff's claim].



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



9